

# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND
## (Greenbelt Division)

| | |
|---|---|
| Odellus Corporation,<br>A Maryland Corporation,<br>7704 Northern Avenue<br>Glenn Dale, MD 20769<br>**Plaintiff,**<br><br>vs.<br><br>FDJ ECommerce Ltd,<br>A Company Organized under the Laws of<br>Northern Ireland,<br>40 Hillcrest Green, Bessbrook<br>County Down, Newry, BT35 7GH, UNITED KINGDOM<br>**Defendant.**<br><br>Fiona Jelly<br>CEO – FDJ Ecommerce Ltd,<br>40 Hillcrest Green, Bessbrook<br>County Down, Newry, BT35 7GH, UNITED KINGDOM<br>**Defendant.**<br><br>Daniel Jelly<br>CTO – FDJ Ecommerce Ltd,<br>40 Hillcrest Green, Bessbrook<br>County Down, Newry, BT35 7GH, UNITED KINGDOM<br>**Defendant.** | Civil Action No. DKC 2 5 CV 0 4 1 1 1<br>(to be filled in by the Clerk's Office)<br>Jury Trial: **X** Yes ☐ No<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT** |

# COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, AND UNFAIR COMPETITION

## INTRODUCTION

This is a civil action for trademark infringement, false designation of origin, and unfair competition under the Lanham Act (15 U.S.C. § 1051 et seq.) arising from the Defendants' FDJ Ecommerce Ltd.'s unauthorized use of Plaintiff Odellus Corporation's "Complyfirst "mark, owned by Plaintiff, a federally registered trademark and used in commerce since 2002.

## JURISDICTION AND VENUE

This Court has jurisdiction pursuant to 15 USCS § 1114, 15 U.S.C. § 1121, 15 U.S.C. § 1125, and 28 U.S.C. §§ 1331 and 1338. Venue is proper in this judicial district under 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims occurred in this district, and Plaintiff resides in this district.

## PARTIES

1. Plaintiff Odellus Corporation is a Maryland corporation formally incorporated in the State of Maryland in 2010 and has its principal place of business in the State of Maryland.

2. Defendant FDJ ECommerce Ltd is a limited liability company organized under the laws of Northern Ireland with a principal business address at 40 Hillcrest Green, Bessbrook, County Down, Newry, BT35 7GH, United Kingdom in 2022.

3. Defendant Fiona Jelly, the founder of FDJ ECommerce Ltd, is a citizen of Northern Ireland with principal address at 40 Hillcrest Green, Bessbrook, County Down, Newry, BT35 7GH, United Kingdom.

4. Defendant Daniel Jelly, the founder of FDJ ECommerce Ltd, is a citizen of Northern Ireland with a principal address at 40 Hillcrest Green, Bessbrook, County Down, Newry, BT35 7GH, United Kingdom.

**FACTUAL BACKGROUND**

5. Plaintiff, Odellus Corporation, registered trademark "Complyfirst" at the United States Patent and Trademark Office (U.S. Reg. Nos. 4005276 and 6169517) since 2010 (15 years ago) and has continuously used "Complyfirst" for its software and product in commerce regarding regulatory compliance and accessibility testing software, compliance reporting software, development

workflow optimization, training, and accessibility compliance services marketed to government agencies and organizations. Plaintiff also recently invoked its international rights under the Madrid Protocol. No. 1872722. Plaintiff's customers include government agencies and private organizations. Plaintiff's Complyfirst is a Software-as-a-Service Windows Desktop Platform originally created in 2002, and over the past twenty-plus (20+) years, has undergone numerous updates, releases, and versioning. Examples of Complyfirst version releases include the original Complyfirst, Complyfirst 2010, Complyfirst 2012, Complyfirst Enterprise Monitor, Complyfirst 2020, Complyfirst Element-V, Complyfirst Basic, Complyfirst Professional, and Complyfirst Agency.

6. Defendants, FDJ Ecommerce Ltd., formed their establishment in 2022, according to public records, and began using the Complyfirst mark to market their compliance software product and services in commerce, infringing on the mark with no prior authorization from Plaintiff.

7. In May 2025, Defendants began attempting to register the Complyfirst trademark at the United States Patent and Trademark Office, with application Serial No. 99188300 for compliance testing software and compliance services in response to Plaintiff's Cease and Desist letter and infringement complaints.

## CLAIMS FOR RELIEF

- **Count I – Trademark Infringement (15 U.S.C. § 1114)**

8. Defendant's use of Complyfirst constitutes unauthorized use of a mark that is identical to Plaintiff's registered trademark in commerce in a manner that infringes on Plaintiff's rights.

9. The Defendant's use of Plaintiff's mark, Complyfirst, to market similar compliance testing software and compliance services while making claims of technology offerings that are not currently feasible has resulted in negative feedback and challenges to Plaintiff's Complyfirst software and services, arising from public confusion of the origin and ownership of the mark.

- **Count II – False Designation of Origin (15 U.S.C. § 1125(a))**

10. Defendant's conduct falsely suggests affiliation, connection, or association with Plaintiff, misleading consumers and violating Plaintiff's rights.

11. Defendants have further perpetuated this confusion by using a similar brand color to that of the established Plaintiff's original and famous branding color, which is still visible on older pages on Plaintiff's website.

- **Count III – Trademark Dilution (15 U.S.C. § 1125(c))**

12. Defendant's use of Plaintiff's mark, Complyfirst, causes blurring and dilutes the distinctiveness of Plaintiff's mark.

13. Defendants' use of Plaintiff's mark, Complyfirst, also tarnishes and harms Plaintiff's mark's reputation because the technology purported by the Defendant for their software product directly contradicts that which is used by the Plaintiff and has caused considerable harm to the Plaintiff's reputation. Defendants' marketing claims that they use certain technology/methods in Complyfirst have placed Plaintiff in a position to defend against such claims because the technology and techniques are not yet feasible, even in Defendants' offerings.

14. Search Engines (e.g., Google) are unable to separate these different products.

15. Defendants' use and attempt at registration of Plaintiff's mark "Complyfirst" will dilute the distinctive quality of Plaintiff's famous mark by impairing its ability to serve as a unique identifier of source, and by diminishing its commercial strength and public recognition. Such dilution will further continue to harm Plaintiff's reputation, business relationships, and investment in the brand.

- **Count IV – Unfair Competition (Common Law)**

16. Defendant's actions constitute unfair competition under the common law of the State of Maryland.

17. Plaintiff's mark, Complyfirst, having been in commerce for over 20 years, has become widely recognized within government and industries as a digital accessibility compliance solution software.

18. With over 20 years of continuous use and over 15 years of US federal registration (USPTO U.S. Reg. No. 4005276 and 6169517), and international protection (WIPO Reg. No 1872722), Plaintiff Odellus Corporation's Complyfirst has developed substantial brand equity and is recognized by the public.

19. Plaintiff believes that Defendants' willful and deliberate infringement is an attempt at a hostile trademark hijacking. The Defendants are a startup business, new to the market, that has received

venture capital funding and is probably seeking to provide returns to its investors in any way possible.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enter judgment in favor of Plaintiff and against Defendant.

B. Enjoin Defendant from using the Complyfirst mark immediately.

C. Order the cancellation or withdrawal of U.S. Application No. 99188300.

D. Award monetary damages, including treble damages and attorney's fees.

E. Grant such other relief as the Court deems proper.


Respectfully,

*Chineme Aghazu*

Chineme Aghazu
President
Odellus Corporation
7704 Northern Avenue, Glenn Dale, Maryland 20769
240.423.9155
Chineme.aghazu@odellus.com
https://www.odellus.com
Dated: December 15, 2025

# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND
## (Greenbelt Division)

| | |
|---|---|
| Odellus Corporation,<br>A Maryland Corporation,<br>7704 Northern Avenue<br>Glenn Dale, MD 20769<br>**Plaintiff,**<br><br>vs.<br><br>FDJ ECommerce Ltd,<br>40 Hillcrest Green, Bessbrook<br>County Down, Newry, BT35 7GH, UNITED KINGDOM<br>**Defendant**<br><br>Fiona Jelly<br>CEO – FDJ Ecommerce Ltd,<br>40 Hillcrest Green, Bessbrook<br>County Down, Newry, BT35 7GH, UNITED KINGDOM<br>**Defendant**<br><br>Daniel Jelly<br>CTO – FDJ Ecommerce Ltd,<br>40 Hillcrest Green, Bessbrook<br>County Down, Newry, BT35 7GH, UNITED KINGDOM<br>**Defendant.** | Civil Action No. _____<br>(to be filled in by the Clerk's Office)<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT** |

## CERTIFICATE OF SERVICE

I hereby certify that on December 15, 2025, a copy of the COMPLAINT FOR TRADEMARK INFRINGEMENT was mailed via first-class mail, postage prepaid, to Defendant's Attorney of Record:

**Kiranjit K Dharsan,**
Seiter IP, 1110 N Virgil Ave, Suite #98436, Los Angeles, CA, United States 90029


Respectfully,

*Chineme* (signature)

Chineme Aghazu
President,
Odellus Corporation
7704 Northern Avenue, Glenn Dale, MD 20769
Chineme.Aghazu@Odellus.com
December 15, 2025